## NOTICE OF OBJECTION TO CONFIRMATION

WELLS FARGO BANK, N.A. has filed papers with the Court to object to the Confirmation of the Chapter 13 Plan.

**<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to object to the Confirmation of the Chapter 13 Plan, or if you want the Court to consider your views on the Objection, then on or before, you or your attorney must:

1.      File with the Court an answer, explaining your position at:

**Clerk**

**U.S. Bankruptcy Court**

**402 E. State Street**

**Trenton, NJ 08608**

If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054

ALBERT RUSSO, TRUSTEE
CN 4853
TRENTON, NJ 08650-4853

2.      Attend the hearing scheduled to be held on 06/28/2017 in the TRENTON Bankruptcy Court, at the following address:

**U.S. Bankruptcy Court**

**402 E. State Street**

**Trenton, NJ 08608**

If you or your attorney do not make these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order granting that relief.

Date: June 26, 2017

/s/ Nicholas V. Rogers
Nicholas V. Rogers, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 42689
Fax: 856-813-5501
Email: nicholas.rogers@phelanhallinan.com

**File No. 775913**
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road
Mt. Laurel, NJ 08054
856-813-5500
FAX Number 856-813-5501
WELLS FARGO BANK, N.A.

| | |
|---|---|
| In Re:<br><br>    ARTHUR STANLEY ENGEL<br>    RONNIE JUDITH ENGEL<br><br><br>Debtors | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>TRENTON VICINAGE<br><br>Chapter 13<br><br>Case No. 16-18400 - KCF |

Hearing Date: 06/28/2017

The undersigned, Phelan Hallinan Diamond & Jones, PC, attorneys for Secured Creditor, WELLS FARGO BANK, N.A., the holder of a Mortgage on debtors' residence located at 31 CHELSEA ROAD, JACKSON, NJ 08527 hereby objects to the Confirmation of the debtors' proposed Chapter 13 Amended Plan on the following grounds:

1.     Secured Creditor is WELLS FARGO BANK, N.A.

2.     Debtors, ARTHUR STANLEY ENGEL, RONNIE JUDITH ENGEL are the owners of the property located at 31 CHELSEA ROAD, JACKSON, NJ 08527.

3.     On February 15, 2017, Secured Creditor filed an Amended Proof of Claim listing pre-petition arrears in the amount of $13,292.10.  A copy of the Amended Proof of Claim is attached hereto as Exhibit "A" and made a part hereof.

4.     Debtors' Amended Plan fails to cure the delinquency pursuant to 11 U.S.C. §1322(b)(5).

5.     Debtors' Amended Plan currently provides for payment to Secured Creditor in the amount of $10,433.87.  A copy of the Debtors' Amended Plan is attached hereto as Exhibit "B" and made a part hereof.

6.     Secured Creditor objects to Debtors' Amended Plan as it is underfunded.  Debtors' Amended Plan should be amended to fully fund the arrears owed to Secured Creditor.

Absent a modification by the Debtor, confirmation of Debtors' Amended Plan should be denied.

WHEREFORE, WELLS FARGO BANK, N.A. respectfully requests that the Confirmation of Debtors' Amended Plan be denied.

/s/ Nicholas V. Rogers
Nicholas V. Rogers, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 42689
Fax: 856-813-5501
Email: nicholas.rogers@phelanhallinan.com

Dated: June 26, 2017

# Exhibit [A]

| Fill in this information to identify the case: |
|---|
| Debtor 1 ARTHUR STANLEY ENGEL |
| Debtor 2 RONNIE JUDITH ENGEL<br>(Spouse, if filing) |
| United States Bankruptcy Court for the: Main District of New Jersey |
| Case number 1618400 |

Read the instructions before filling out this form. Use this form to make a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Official Form 410
# Proof of Claim

04/16

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Wells Fargo Bank, N.A.

_____
Name of the current creditor (the person or entity to be paid for this claim)

_____
Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Wells Fargo Bank, N.A.
Default Document Processing
N9286-01Y

_____
Name

1000 Blue Gentian Road

_____
Number          Street

Eagan MN 55121-7700

_____
City                    State          ZIP Code

Contact phone    800-274-7025

Contact email    POCNOTIFICATIONS@WELLSFARGO.COM

**Where should payments to the creditor be sent?** (if different)

Wells Fargo Bank, N.A
Attn: Bankruptcy Department
MAC# D3348-018

_____
Name

3480 Stateview Blvd

_____
Number          Street

Fort Mill SC 29715

_____
City                    State          ZIP Code

Contact phone    800-274-7025

Contact email    POCNOTIFICATIONS@WELLSFARGO.COM

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

| 4. | Does this claim amend one already filed? | ☐ No<br>☒ Yes. Claim number on court claims registry (if known) 10-1 | Filed on 07/06/2016<br>MM/DD/YYYY |
|---|---|---|---|

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No<br>☐ Yes. Who made the earlier filing? _____ |
|---|---|---|

---

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| 6. | Do you have any number you use to identify the debtor? | ☐ No<br>☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 0938 |
|---|---|---|

| 7. | How much is the claim? | $ 294,736.24 | **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|---|

| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Money Loaned |
|---|---|---|

| 9. | Is all or part of the claim secured? | ☐ No<br>☒ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe:   31 CHELSEA RD  JACKSON NJ 08527<br><br>**Basis for perfection:**   Recorded Mortgage/Deed of Trust (Reverse Mortgage)<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ 294,736.24<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ 13,292.10<br>**Annual Interest Rate** (when case was filed) 5.49 %<br>☒ Fixed<br>☐ Variable |
|---|---|---|

| 10. | Is this claim based on a lease? | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
|---|---|---|

| 11. | Is this claim subject to a right of setoff? | ☒ No<br>☐ Yes. Identify the property: _____ |
|---|---|---|

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check all that apply:* | | **Amount entitled to priority** |
|---|---|---|---|---|
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| | | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| | | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor.s business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $ _____ |
| | | * Amounts are subject to adjustment on 4/1/16 and every 3 years after that for cases begun on or after the date of adjustment. | | |

---

**Part 3:**  **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    02/15/2017
                    MM / DD / YYYY

/s/ Judi M Upchurch
_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name

Judi                          M                    Upchurch
First name                    Middle name          Last name

Title       Vice President Loan Documentation

Company     Wells Fargo Bank, N.A.
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address
            _____
            Number        Street
            _____
            City                        State      ZIP Code

Contact phone

Email

---

# Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 1618400 |
| Debtor 1: | ARTHUR STANLEY ENGEL |
| Debtor 2: | RONNIE JUDITH ENGEL |
| | 0938 |
| Creditor: | See 410 part 1.1 |
| Servicer: | Wells Fargo Bank, N.A. |
| Fixed accrual/daily simple interest/other: | Reverse Mortgage |

## Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | 201,695.86 |
| Interest due: | 79,748.28 |
| Fees, costs due: | 0.00 |
| Non Escrowed Advance Balance: | 13,292.10 |
| Other: | 0.00 |
| Less total funds on hand: | – 0.00 |
| Total debt: | 294,736.24 |

*Not to be used for payoff purposes

## Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal & interest due: | 0.00 |
| Prepetition fees due: | 0.00 |
| Non Escrowed Advance Balance: | 13,292.10 |
| Projected escrow shortage: | 0.00 |
| Other: | 0.00 |
| Less funds on hand: | – 0.00 |
| Total prepetition arrearage: | 13,292.10 |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & interest: | 0.00 |
| Monthly escrow: | 0.00 |
| Private mortgage insurance: | 0.00 |
| Optional Products: | 0.00 |
| Total monthly payment: | N/A |

*Additional changes to the monthly payment amount may be required because interest rate adjustments or escrow requirement changes.

## Part 5 : Loan Payment History from First Date of Default

### Account Activity / How Funds Were Applied/Amount Incurred / Balance After Amount Received or Incurred

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to Non Escrowed Advance Balance | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Non Escrowed Advance Balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/12/2014 | | | | Beginning Balances | | 0.00 | | | | | | 198,276.02 | | | 0.00 | 0.00 |
| 05/14/2014 | | | 5.00 | County tax disbursement | 02/19/2040 | 0.00 | 0.00 | 0.00 | | -5.00 | | 198,276.02 | | 0.00 | -5.00 | 0.00 |
| 05/14/2014 | | | 316.23 | County tax disbursement | 02/19/2040 | 0.00 | 0.00 | 0.00 | | -316.23 | | 198,276.02 | | 0.00 | -321.23 | 0.00 |
| 05/14/2014 | | | 2,006.60 | County tax disbursement | 02/19/2040 | 0.00 | 0.00 | 0.00 | | -2,006.60 | | 198,276.02 | | 0.00 | -2,327.83 | 0.00 |
| 05/30/2014 | | -1,276.32 | | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -134.03 | -1,142.29 | | | 198,410.05 | | 0.00 | -2,327.83 | 0.00 |
| 06/30/2014 | | -1,287.81 | | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -134.99 | -1,152.82 | | | 198,545.04 | | 0.00 | -2,327.83 | 0.00 |
| 07/31/2014 | | -1,294.25 | | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -135.53 | -1,158.72 | | | 198,680.57 | | 0.00 | -2,327.83 | 0.00 |
| 08/29/2014 | | -1,300.71 | | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -136.07 | -1,164.64 | | | 198,816.64 | | 0.00 | -2,327.83 | 0.00 |
| 09/30/2014 | | -1,307.20 | | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -136.61 | -1,170.59 | | | 198,953.25 | | 0.00 | -2,327.83 | 0.00 |
| 10/29/2014 | | 200.00 | | Payment | 02/19/2040 | 0.00 | 0.00 | 0.00 | 200.00 | | | 198,953.25 | | 0.00 | -2,127.83 | 0.00 |

Official Form 410A

Mortgage Proof of Claim Attachment

page 1 of 3

# Mortgage Proof of Claim Attachment: Additional Page

(12/15)

Case number: 1618400

Debtor 1: ARTHUR STANLEY ENGEL

## Part 5 : Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to Non Escrowed Advance Balance | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Non Escrowed Advance Balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/31/2014 | | | -1,313.63 | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -137.15 | -1,176.48 | | | | 199,090.40 | 0.00 | -2,127.83 | 0.00 |
| 11/28/2014 | | | -1,319.28 | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -137.62 | -1,181.66 | | | | 199,228.02 | 0.00 | -2,127.83 | 0.00 |
| 12/17/2014 | | 200.00 | | Payment | 02/19/2040 | 0.00 | 0.00 | 0.00 | 0.00 | 200.00 | | | 199,228.02 | 0.00 | -1,927.83 | 0.00 |
| 12/31/2014 | | | -1,325.38 | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -138.13 | -1,187.25 | | | | 199,366.15 | 0.00 | -1,927.83 | 0.00 |
| 01/26/2015 | | 200.00 | | Payment | 02/19/2040 | 0.00 | 0.00 | 0.00 | 0.00 | 200.00 | | | 199,366.15 | 0.00 | -1,727.83 | 0.00 |
| 01/30/2015 | | | -1,331.23 | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -138.62 | -1,192.61 | | | | 199,504.77 | 0.00 | -1,727.83 | 0.00 |
| 02/27/2015 | | | -1,337.13 | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -139.11 | -1,198.02 | | | | 199,643.88 | 0.00 | -1,727.83 | 0.00 |
| 03/18/2015 | | 235.00 | | Payment | 02/19/2040 | 0.00 | 0.00 | 0.00 | 0.00 | 235.00 | | | 199,643.88 | 0.00 | -1,492.83 | 0.00 |
| 03/31/2015 | | | -1,343.26 | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -139.61 | -1,203.65 | | | | 199,783.49 | 0.00 | -1,492.83 | 0.00 |
| 04/30/2015 | | | -1,349.34 | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -140.13 | -1,209.21 | | | | 199,923.62 | 0.00 | -1,492.83 | 0.00 |
| 05/27/2015 | | | 309.78 | County tax disbursement | 02/19/2040 | 0.00 | 0.00 | 0.00 | -309.78 | | | | 199,923.62 | 0.00 | -1,802.61 | 0.00 |
| 05/27/2015 | | | 9,163.47 | County tax disbursement | 02/19/2040 | 0.00 | 0.00 | 0.00 | -9,163.47 | | | | 199,923.62 | 0.00 | -10,966.08 | 0.00 |
| 05/29/2015 | | | -1,370.06 | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -141.86 | -1,228.20 | | | | 200,065.48 | 0.00 | -10,966.08 | 0.00 |
| 06/30/2015 | | | -1,410.20 | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -145.21 | -1,284.99 | | | | 200,210.69 | 0.00 | -10,966.08 | 0.00 |
| 07/31/2015 | | | -1,417.25 | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -145.80 | -1,271.45 | | | | 200,356.49 | 0.00 | -10,966.08 | 0.00 |
| 08/31/2015 | | | -1,424.31 | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -146.38 | -1,277.93 | | | | 200,502.87 | 0.00 | -10,966.08 | 0.00 |
| 09/30/2015 | | | -1,431.43 | Non-Cash Balance Adj | 02/19/2040 | 0.00 | 0.00 | -146.98 | -1,284.45 | | | | 200,649.85 | 0.00 | -10,966.08 | 0.00 |

# Mortgage Proof of Claim Attachment: Additional Page

(12/15)

Case number: 1618400

Debtor 1: ARTHUR STANLEY ENGEL

## Part 5 : Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | Account Activity | | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | C. Funds received | D. Amount incurred | | | | H. Amount to principal | I. Amount to interest | J. Amount to Non Escrowed Advance Balance | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Non Escrowed Advance Balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 10/30/2015 | | -1,438.57 | | Non-Cash Balance Adj | 02/19/2040 | 0.00 | -147.57 | -1,291.00 | | | | 200,797.42 | | 0.00 | -10,966.08 | 0.00 |
| 11/30/2015 | | -1,445.76 | | Non-Cash Balance Adj | 02/19/2040 | 0.00 | -148.18 | -1,297.58 | | | | 200,945.60 | | 0.00 | -10,966.08 | 0.00 |
| 12/31/2015 | | -1,452.97 | | Non-Cash Balance Adj | 02/19/2040 | 0.00 | -148.78 | -1,304.19 | | | | 201,094.38 | | 0.00 | -10,966.08 | 0.00 |
| 01/29/2016 | | -1,460.23 | | Non-Cash Balance Adj | 02/19/2040 | 0.00 | -149.39 | -1,310.84 | | | | 201,243.77 | | 0.00 | -10,966.08 | 0.00 |
| 02/29/2016 | | -1,467.51 | | Non-Cash Balance Adj | 02/19/2040 | 0.00 | -149.99 | -1,317.52 | | | | 201,393.76 | | 0.00 | -10,966.08 | 0.00 |
| 03/31/2016 | | -1,474.84 | | Non-Cash Balance Adj | 02/19/2040 | 0.00 | -150.60 | -1,324.24 | | | | 201,544.36 | | 0.00 | -10,966.08 | 0.00 |
| 04/26/2016 | | | 2,326.02 | County tax disbursement | 02/19/2040 | 0.00 | 0.00 | 0.00 | -2,326.02 | | | 201,544.36 | | 0.00 | -13,292.10 | 0.00 |
| 04/29/2016 | | -1,485.63 | | Non-Cash Balance Adj | 02/19/2040 | 0.00 | -151.50 | -1,334.13 | | | | 201,695.86 | | 0.00 | -13,292.10 | 0.00 |
| 04/29/2016 | | | | Bankruptcy Filed | 02/19/2040 | 0.00 | | | | | | 201,695.86 | | 0.00 | -13,292.10 | 0.00 |

Official Form 410A    Mortgage Proof of Claim Attachment    page 3 of 3

## Addendum Page

Basis for asserting that the applicable party has the right to foreclose: Debtor(s) executed a promissory note secured by a mortgage, deed of trust, or security deed. The Promissory note is either made payable to creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage, deed of trust, or security deed.

## Additional Disclaimers (where applicable)

## 410

Part 2: Question 9-Describe contains the property address and may contain a description for "Other".

## 410A

### Part 1:

Full creditor name cannot be displayed due to space limitation, see 410 part 1.1 for full name.

### Part 2:

Principal Balance is from Part 5, Column M as of the Bankruptcy File Date.

Interest Due is the interest due as of the Bankruptcy File Date.

Fees, costs due is from Part 5, Column P as of the Bankruptcy File Date and includes any outstanding fees (i.e. late charges, property inspections) and cost (i.e. attorney costs), also included are corporate advances (i.e. tax, insurance) for non-escrowed loans as of the Bankruptcy File Date. Any fees, costs due that are incurred pre-petition and waived post-petition will not be included.

Escrow deficiency for funds advanced is from Part 5, Column O (if negative balance) as of the Bankruptcy File Date.

Other includes any applicable Private Mortgage Insurance, other Optional Products (i.e. A & H, Life) or Deferred Interest, where applicable, due as of the Bankruptcy File Date. This line was added to ensure transparency.

Less Total Funds on hand is the total of Part 5, Column O (if positive balance) and Q as of the Bankruptcy File Date.

Total Debt not to be used for payoff purposes.

### Part 3:

Principal and Interest is the principal and interest portion of Part 5, Column G, as of the Bankruptcy File Date. (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition principal and interest amounts).

Pre-Petition Fees Due is from Part 5, Column P as of the Bankruptcy File Date. Any fees, costs due that are incurred pre-petition and waived post-petition will not be included.

Escrow Deficiency for Funds Advanced is from Part 5, Column O (if negative balance) as of the Bankruptcy File Date.

Projected Escrow Shortage is the Escrow Required from the escrow analysis minus a positive escrow balance as of the Bankruptcy File Date. (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition escrow amounts).

Other includes any applicable Optional Products (i.e. A & H, Life) due as of the bankruptcy file date. This line was added to ensure transparency. (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition Optional Product amounts).

Less Funds on Hand is from Part 5, column Q as of the Bankruptcy File Date.

### Part 4:

Optional Products includes any applicable optional products (i.e. A & H, Life) due as of the Bankruptcy File Date. This line was added to ensure transparency.

(*)This disclaimer has been added to the form to explain that the monthly payment amount may change periodically throughout the life of the loan.

### Part 5:

If any of the transactions in the loan payment history contain amounts for optional products, the amount for that product will be reflected in either the Contractual payment amount or the Funds Received amount, and will be applied in those amounts. It will also be reflected in column G as described below.

Column G In addition to the items listed, this also includes any past due PMI or optional products (i.e. A & H, Life) amounts, as applicable. Optional product (i.e. A & H, Life) amounts will not be included in columns H-Q due to no appropriate column heading for this type of transaction.

Column J includes taxes, insurance and MIP/PMI as applicable.

Column N will only be populated if the loan is Daily Simple Interest or if Deferred Interest exists on the account.

Column O includes taxes, insurance and MIP/PMI as applicable.

# Exhibit [B]

Last revised 8/1/15

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                              Case No.:    _____

                                                    Judge:       _____

                                                    Chapter:            13

Debtor(s)    "2nd modified plan"

## Chapter 13 Plan and Motions

☐ Original              ☐ Modified/Notice Required          ☐ Discharge Sought

☐ Motions Included      ☐ Modified/No Notice Required       ☐ No Discharge Sought

Date:    _____

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

| Part 1:    Payment and Length of Plan |
| --- |

a. The debtor shall pay $ _____ per _____ to the Chapter 13 Trustee, starting on
_____ for approximately _____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☐    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

    Social Security and help from family

c.  Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:

Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: 6 months after confirmation

*clients are in a
trial loan
modification

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

## Part 2:    Adequate Protection

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3:    Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
|  |  |  |

## Part 4:    Secured Claims

**a.  Curing Default and Maintaining Payments**
The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

2

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b.  Modification**

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**c.  Surrender**

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

3

**d. Secured Claims Unaffected by the Plan**

The following secured claims are unaffected by the Plan:

**e. Secured Claims to be Paid in Full Through the Plan:**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*    non-exempt equity interest in property

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis For Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
|  |  |  |

4

| Part 7: | Motions |
|---------|---------|

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    **a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|----------|---------------------|--------------|----------------|---------------------|----------------------------|---------------------------------------------|------------------------------|
|          |                     |              |                |                     |                            |                                             |                              |

    **b. Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|----------|------------|-----------------------------------|
|          |            |                                   |

    **c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

5

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
|  |  |  |  |

## Part 8:    Other Plan Provisions

### a. Vesting of Property of the Estate

☐   Upon confirmation

☐   Upon discharge

### b.  Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c.  Order of Distribution

The Trustee shall pay allowed claims in the following order:

1) Trustee commissions

2) _____

3) _____

4) _____

5)Priority Claims    6)General Unsecured Claims

### d.  Post-Petition Claims

The Trustee ☐ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
|  |  |

| Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐   Yes    ☐   No |
|---|

6

**Part 10:    Sign Here**

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

Date: _____          _____
                                                Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: _____          _____
                                                Debtor

Date: _____          _____
                                                Joint Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY _____
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

775913
PHELAN HALLINAN DIAMOND & JONES, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorneys for WELLS FARGO BANK, N.A.

| | |
|---|---|
| In Re:<br><br>ARTHUR STANLEY ENGEL<br>RONNIE JUDITH ENGEL | Case No:  16-18400 - KCF<br><br>Hearing Date: 06/28/2017<br><br>Judge:  KATHRYN C. FERGUSON<br><br>Chapter:  13 |

## CERTIFICATION OF SERVICE

1.    I, Shannon N. Ettl:

☐ represent the _____ in the above-captioned matter.

☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents WELLS FARGO BANK, N.A. in the above captioned matter.

☐ am the _____ in the above case and am representing myself.

2.    On June 26, 2017 I sent a copy of the following pleadings and/or documents to the parties listed below:

Objection to Plan

3.    I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated:  June 26, 2017 _____        /s/ *Shannon N. Ettl* _____
                                                         Shannon N. Ettl

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| ARTHUR STANLEY ENGEL<br>31 CHELSEA ROAD<br>JACKSON, NJ 08527 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| RONNIE JUDITH ENGEL<br>31 CHELSEA ROAD<br>JACKSON, NJ 08527 | Joint Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| WILLIAM H. OLIVER, JR., ESQUIRE<br>2240 HIGHWAY 33<br>SUITE 112<br>NEPTUNE, NJ 07753 | Debtors' Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| ALBERT RUSSO, TRUSTEE<br>CN 4853<br>TRENTON, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.